Harold Baer, J.
This application is brought by petitioner under article 78 of the CPLB to set aside the determination of the respondent denying the application of the petitioner for a restaurant liquor license and to compel the respondent to approve such application.
The principal issue involved in the present dispute is a proper interpretation of subdivision 7 of section 64 of the Alcoholic Beverage Control Law, as amended by chapter 501 of the Laws of 1969. As far as can be determined from the papers submitted herein, this decision is one of first impression.
In amending subdivision 7 of section 64 of the Alcoholic Beverage Control Law, the State Legislature hoped to clarify the problem as to the exact terminal points to be used in determining whether or not a school is within 200 feet of a licensed liquor establishment.
More specifically, the 1969 amendment to subdivision 7 of section 64 of the Alcoholic Beverage Control Law was aimed at establishing a uniform measuring point in those instances where the entrance and doors of a school, for example, are setback from the public thoroughfare. In most cases, the school itself also would be recessed from the public thoroughfare.
Here, however, Public School 158 appears to abut on the southern building line of 78th Street. Likewise, the entrance to this school seems to be almost flush with the building line. But, from what can be gleaned from the surveys submitted, the doors'to Public School 158 are recessed approximately two feet to the south of the building line.
It is clear that the 1969 amendment was passed to establish uniformity of measurement, whether the building in question be physically recessed from the building line or not. Therefore, this court finds that, insofar as the doors are set back from the public thoroughfare, Public School 158 must be considered “ a school * * * set back from a public thoroughfare ” under a proper reading of section 64 of the Alcoholic Beverage Control Law, as amended. The correct measurement should be made at the point where the center of the walkway or stairs meets the building line.
Petitioner’s contention that the measurement point for Public School 158 should be from the recessed doors is patently erroneous. If petitioner’s argument is followed to its logical conclusion, Public School 158, which seems to abut on the 78th Street building line, will actually receive an increment of two feet over a school building that would be recessed 10 feet to the south of the building line since, in the latter situation, the *444 measurement under the statute must clearly he made from the point where the walkway or stairs meet the building line.
Respondent’s claim that the measurement he taken at the base of the last step is also incorrect. This court finds that the Legislature intended that an existing ‘ ‘ building line ’ ’ he used, where possible, in establishing a point certain. In the absence of a building line, as is prevalent in suburban and rural communities, the more .speculative term ‘ ‘ public thoroughfare” must be relied upon as a boundary determinant.
Subdivision 7 of section 64 of the Alcoholic Beverage Control Law appears to be silent as to the proper measuring point for this proposed restaurant with its recessed doors. To he consistent with the above finding, this court rules that the measurement point for the contemplated restaurant shall be at a point on the building line centered upon the door.
It appears therefore that none of the surveys submitted herein comply with subdivision 7 of section 64 of the Alcoholic Beverage Control Law as amended and as herein construed. Accordingly, the application is denied without prejudice to petitioner renewing its application upon the submission of a proper survey.